**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT GARFIELD, | Case No.: 1:19-cv-01966 |
| Plaintiff, | |
| vs. | **<u>AMENDED COMPLAINT</u>** |
| LANTHEUS HOLDINGS, INC., | |
| Defendant. | |

Plaintiff Robert Garfield ("Plaintiff"), by his undersigned attorneys, alleges, based upon personal knowledge as to himself and his own acts and on information and belief as to all other matters which is based upon filings made by Lantheus Holdings, Inc. ("Lantheus" or the "Company") with the U.S. Securities and Exchange Commission ("SEC"), as follows:

## <u>NATURE OF THE ACTION</u>

1. On March 15, 2019, Lantheus filed with the SEC and furnished to the Company's shareholders a definitive proxy statement (the "Proxy Statement" or "Solicitation") with respect to an annual meeting (the "Annual Meeting') scheduled to take place on April 24, 2019. A true and correct copy of the Solicitation is attached hereto as Exhibit 1. The second proposal ("Proposal 2") contained in the Proxy Statement seeks shareholder action, by way of a vote, to "approve an amendment to the Lantheus Holdings, Inc. 2015 Equity Incentive Plan [(the '2015 Equity Incentive Plan' or the 'Plan')] to increase the number of shares of common stock reserved for issuance thereunder by 825,000 shares[.]"

2. The proxy rules issued by the SEC "have the force and effect of law." *Batterton v. Francis*, 432 U.S. 416, 425 n.9 (1977). However, in seeking shareholder approval of Proposal 2, as alleged in greater detail below, the Company failed to comply with the disclosure requirements

of Schedule 14A promulgated under the Securities Exchange Act of 1934 (the "Exchange Act"), 17 C.F.R. § 240.14a-101 ("Schedule 14A"), which governs proxy solicitation. Specifically, Item 10(a)(1) of Schedule 14A requires, *inter alia*, that "[i]f action is to be taken with respect to any [compensation] plan pursuant to which cash or noncash compensation may be paid or distributed[,]" certain further information must be furnished. Additionally, Item 10(b)(2)(i) of Schedule 14A requires that "[w]ith respect to … any plan containing options, warrants or rights submitted for security holder action[,]" certain further information must be stated. The Plan includes "[s]tock options [that] may be issued as either incentive stock options . . . or as nonqualified stock options[,]" and "stock appreciation right[s that] may be granted either in tandem with an option or without a related option."

3.      Proposal 2 of the Proxy Statement does not comply with the SEC's disclosure requirements for proxy statements, codified at Items 10(a)(1) and 10(b)(2)(i) of Schedule 14A. Accordingly, Plaintiff, a Lantheus shareholder whose vote is being solicited through the Proxy Statement, is bringing this direct action under Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and the rules and regulations of the SEC to enjoin a vote by the Company's shareholders on Proposal 2 until the defects in the Solicitation are cured.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

5.      In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

6.      Venue is proper in this District because, as allowed under Section 27(a) of the Exchange Act, this District is where the violation at issue occurred as numerous Solicitations were

or will be mailed to Lantheus shareholders residing in this District. Lantheus also trades on the NASDAQ, which is based in New York.

**PARTIES**

7.     Plaintiff, a Lantheus shareholder as of February 26, 2019 (the "Record Date"), is entitled to notice of, to participate in, and to vote at the Annual Meeting.

8.     Lantheus develops, manufactures, and commercializes diagnostic medical imaging agents and products that assist clinicians in the diagnosis and treatment of cardiovascular and other diseases worldwide. The Company was founded in 1956 and is headquartered in North Billerica, Massachusetts. The Company's common stock trades on the NASDAQ under the ticker "LNTH" and "[a]s of the close of business on the Record Date, there were 38,628,501 Shares entitled to vote at the Annual Meeting."

**WRONGFUL ACTS AND OMISSIONS**

9.     Lantheus has scheduled its Annual Meeting for April 24, 2019, and the Record Date to vote on the proposals in the Solicitation as February 26, 2019.

10.     Lantheus's board of directors (the "Board") recommends that its shareholders vote "*'FOR' APPROVAL OF THE PROPOSAL TO AMEND THE 2015 EQUITY INCENTIVE PLAN TO INCREASE THE NUMBER OF SHARES RESERVED FOR ISSUANCE THEREUNDER BY 825,000 SHARES*."

11.     The Solicitation states that Proposal 2 is recommended, in part, because "[w]e believe that our continuing ability to offer equity incentive awards under the 2015 Equity Incentive Plan is critical to our ability to attract, motivate and retain key individuals who are critical to our long term success, particularly as we grow and in light of the highly-competitive market for talent in which we operate."

12.     The Solicitation further states, with respect to Proposal 2, in part, that:

*Administration*

The 2015 Equity Incentive Plan is administered by the Compensation Committee or another committee of the Board, comprised of no fewer than two members of the Board who are appointed by the Board to administer the plan, or, subject to the limitations set forth in the 2015 Equity Incentive Plan, the Board (the appropriate body is referred to as the "Committee"). Subject to the limitations set forth in the 2015 Equity Incentive Plan, the Committee has the authority to determine the persons to whom awards are to be granted, prescribe the restrictions, terms and conditions of all awards, interpret the 2015 Equity Incentive Plan and adopt sub-plans and rules for the administration, interpretation and application of the 2015 Equity Incentive Plan.

**Reservation of Shares**

Subject to adjustments as described below, the maximum aggregate number of Shares that may be issued pursuant to awards granted under the 2015 Equity Incentive Plan, as amended, will be equal to 6,580,277 (including the 825,000 additional Shares proposed to be added pursuant to the amendment to the 2015 Equity Incentive Plan as set forth in this Proposal 2); provided, that no more than 20% of the Shares may be granted as incentive stock options within the meaning of Section 422 of the Code. Any Shares issued under the 2015 Equity Incentive Plan will consist of authorized and unissued Shares or treasury shares.

In the event of any recapitalization, reclassification, stock dividend, extraordinary dividend, stock split, reverse stock split or other distribution with respect to common stock, or any merger, reorganization, consolidation, combination, spin-off, stock purchase, or other similar corporate change or any other change affecting common stock, equitable adjustments will be made to the number and kind of Shares available for grant, as well as to other maximum limitations under the 2015 Equity Incentive Plan, and the number and kind of Shares or other terms of the awards that are affected by the event.

13. Proposal 2 fails to provide legally required information because it provides insufficient information for Lantheus stockholders to understand how many participants are eligible to participate in the Plan despite the fact that Item 10(a)(1) requires that:

> If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> **(a)** *Plans subject to security holder action.*
>
> **(1)** Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

14. Instead of providing the "approximate number of persons in each such class" as required by Item 10(a)(1), Proposal 2 tells Lantheus's stockholders the following about who may receive these awards:

> *Eligibility*
>
> Awards under the 2015 Equity Incentive Plan may be granted to any of our employees, directors, consultants or other personal service providers or any of the same of our subsidiaries. The plan allows grants to consultants and other personal service providers, however, this has not been the Company practice.

15. The above excerpt merely states categories of persons, but it does not explain how many persons are in each class. The Solicitation omits the information required by Item 10(a)(1).

16. Proposal 2 omits how many participants may be awarded the compensation from the Plan that stockholders are being asked to approve.

17. As a result of the above defects, the Solicitation does not identify each class of persons who will be eligible to participate therein and identify how many participants may be awarded the additional 825,000 shares of Lantheus stock (worth over $20.8 million based upon the closing price on April 4, 2019) that stockholders are being asked to approve.

18. The Solicitation also fails to comply with Item 10(b)(2)(i) of Schedule 14A, which requires that:

> With respect to any specific grant of or any plan containing options, warrants or rights submitted for security holder action, state:

(A) The title and amount of securities underlying such options, warrants or rights;

(B) The prices, expiration dates and other material conditions upon which the options, warrants or rights may be exercised;

(C) The consideration received or to be received by the registrant or subsidiary for the granting or extension of the options, warrants or rights;

(D) The market value of the securities underlying the options, warrants, or rights as of the latest practicable date; and

(E) In the case of options, the federal income tax consequences of the issuance and exercise of such options to the recipient and the registrant[.]

19. Because the Plan allows for the granting of stock options and rights, the Company must disclose, *inter alia*, and in the Solicitation, "[t]he market value of the securities underlying the options, warrants, or rights as of the latest practicable date[.]" That number is also not included in the Solicitation.

20. The preceding paragraphs state a direct claim for relief against Lantheus under Section 14(a) for acting in contravention of the rules and regulations prescribed by the SEC.

21. As a result of these actions, Plaintiff will be injured. Plaintiff has no adequate remedy at law. He will suffer irreparable harm if no action is taken to prevent this harm because, in addition to being forced to vote without this information, the Plan allows for the issuance of 825,000 shares of common stock to be granted to an unknown number of persons who qualify as eligible.

22. If these defects are not cured, it is necessary for the Court to take action to enjoin the vote on Proposal 2 beforehand to prevent shares from being distributed to participants based on an uninformed vote that lacks proper and informed shareholder approval because unwinding awards following the Annual Meeting would be impracticable.

23. To prevent injury, injunctive relief is required in the form of the Court ordering that a supplemental proxy statement that complies with Schedule 14A, Items 10(a)(1) and 10(b)(2)(i), and which is timely furnished to shareholders.

24. Lantheus should be enjoined from presenting Proposal 2 for a stockholder vote at the Annual Meeting or certifying or otherwise accepting any vote cast in connection with Proposal 2 unless the appropriate disclosures are timely furnished.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor, and against Lantheus, as follows:

(A) A preliminary and permanent injunction, enjoining Lantheus from:

i. certifying or otherwise accepting any vote cast, by proxy or in person, in connection with Proposal 2 unless a supplemental proxy statement that complies with 17 C.F.R. § 240.14a-101, Items 10(a)(1) and 10(b)(2)(i) is timely furnished to shareholders; and

ii. presenting Proposal 2 for a shareholder vote at the Annual Meeting unless a supplemental proxy statement that complies with 17 C.F.R. § 240.14a-101, Items 10(a)(1) and 10(b)(2)(i) is timely furnished to shareholders;

(B) A preliminary and permanent injunction requiring Lantheus to furnish a supplemental proxy statement with the information required by 17 C.F.R. § 240.14a-101, Items 10(a)(1) and 10(b)(2)(i) that is cured of material disclosure defects pursuant to Section 14(a);

(C) Awarding Plaintiff reasonable attorney's fees and expenses incurred in bringing this action and in creating a benefit for all of Lantheus's shareholders to the extent that a common benefit is conferred, and;

(D)     Granting such other and further relief as this Court may deem just and proper.

Dated: April 5, 2019                                **ABRAHAM, FRUCHTER &
                                                         TWERSKY, LLP**

                                                    /s/ Michael J. Klein
                                                        Michael J. Klein
                                                    One Penn Plaza, Suite 2805
                                                    New York, NY 10119
                                                    Tel: (212) 279-5050
                                                    Fax: (212) 279-3655
                                                    mklein@aftlaw.com

                                                    **Attorneys for Plaintiff**